Case 1:25-cv-05191-PKC Document 30 Filed 01/14/26 Page 1 of 2

RG&P | Rosenberg, Giger & Perala P.C.

Carnegie Hall Tower
152 West 57th Street, 18th Floor
New York, NY 10019

Tel: (646) 494-5050

January 14, 2026

The Court is provisionally satisfied that it has subject matter jurisdiction. SO ORDERED [signature] USDJ 1-20-26

**VIA ECF**

Honorable P. Kevin Castel
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Peach v. Tommy Boy Entertainment, LLC, *et al.*, 25-cv-5191 (PKC)

Dear Judge Castel,

This firm represents plaintiff Matthew Peach in the referenced action. We respectfully submit this letter in accordance with the Court's Minute Order dated December 12, 2025 and in response to the letter dated January 7, 2026, submitted by counsel for defendants Tommy Boy Entertainment, LLC ("TBE") and David Parker. We have reviewed defendants' January 7 letter and the accompanying Declaration of Victor Lee, a member of TBE, stating under oath that he was domiciled in California on the date that Mr. Peach commenced this action. Based on that Declaration, we concur with defendants' conclusion that this Court possesses subject matter jurisdiction under 28 U.S.C. § 1332(a)(2), providing subject matter jurisdiction over actions between "citizens of a State and citizens or subjects of a foreign state."

As defendants note in their January 7 letter, Mr. Peach is a "citizen or subject of a foreign state," as he is a citizen of the United Kingdom who was residing in England when this action was commenced. We concur in defendants' analysis that, based upon Mr. Lee's Declaration, he is a citizen of the State of California for purposes of diversity jurisdiction, as only his United States citizenship is considered, and he has confirmed under oath that he was domiciled in California at the time of commencement. *See Feiliks Int'l Logistics H.K., Ltd. v. Feiliks Glob. Logistics Corp.*, 685 Fed. App'x 59, 62 (2d Cir. 2017); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991); *Tanjutco v. NYLife Sec. LLC*, 23-CV-4889(BCM), 2024 U.S. Dist. LEXIS 163803, *33-34 (S.D.N.Y. Sep. 10, 2024). Because the other members of TBE were citizens of New York at the time the action was commenced, TBE appears to hold both California and New York citizenship. And, as defendant Parker is a citizen of Florida, this action is between "citizens of a State" (California, New York and Florida) and a "citizen or subject of a foreign state" (the United Kingdom), and subject matter jurisdiction thus exists under § 1332(a)(2).

Case 1:25-cv-05191-PKC Document 30 Filed 01/14/26 Page 2 of 2



The allegations of plaintiff's Second Amended Complaint (the "SAC") are consistent with the foregoing analysis. (SAC [Doc. No. 16] ¶¶ 6-8.) As such, we do not believe that any further amendment is necessary to adequately plead a basis for the Court's subject matter jurisdiction.

In their January 7 letter, defendants propose a briefing schedule for their proposed motion to dismiss with their initial brief due "thirty (30) days following any amendment to the SAC," and opposition and reply briefs to be filed at subsequent thirty-day and twenty-one-day intervals, respectively. As no amendment to the SAC is anticipated, Mr. Peach proposes that defendants file their motion within thirty days of this letter - - *i.e.*, on or before February 13, 2026 - - with the opposition brief to be filed thirty days thereafter (March 16, 2026) and defendants' reply due twenty-one days following the opposition (April 6, 2026).

We thank the Court for its considered attention to this matter.

Respectfully,

Matthew H. Giger

Matthew H. Giger

cc: All Counsel of Record (via ECF)